ROBINSON v. UNITED STATES.

(Circuit Court, S. D. New York. December 19, 1905.)

No. 3,980.

Customs Duties—Classification—"Manufactures of Wool"—Goods in Part of Wool.

Goods of silk and wool, the latter being the minor component, *held* to be within the purview of Tariff Act August 27, 1894, c. 349, § 1, Schedule K, par. 297, 28 Stat. 531, deferring until January 1, 1895, the reduction in duties provided in said act on "manufactures of wool."

On Application for Review of Decisions of the Board of United States General Appraisers.

In the decisions below the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York on importations by Harry Robinson. The merchandise in controversy consists of dress goods composed in part of wool, but in chief value of silk, and was either entered for consumption or withdrawn from bonded warehouse for consumption after August 27, 1894, and before January 1, 1895, which was the period covered by paragraph 297, Schedule K, § 1, c. 349, Tariff Act August 27, 1894, 28 Stat. 531, prescribing that the reduction in duties provided by said act on "manufacturers of wool" should be deferred until January 1, 1895. The collector construed said expression "manufactures of wool" as including merchandise of this character, though not composed wholly or in chief value of wool, and therefore classified it as "women's and children's dress goods * * * composed wholly or in part of wool," under the provisions of the preceding act. Paragraph 394 or 395, Schedule K, § 1, c. 1244, Tariff Act October 1, 1890, 26 Stat. 596, 597. The importer contended that paragraph 297 did not apply, and that, as the merchandise went into consumption after the act of 1894 took effect, the rates of duty provided by said act should have been imposed.

Comstock & Washburn (Albert H. Washburn, of counsel), for importer.

Charles Duane Baker, Asst. U. S. Atty.

PLATT, District Judge. The decision of the Board of General Appraisers is affirmed.